# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLORES VICENTE, | 1:09-cv-00221 OWW DLB HC |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| | [Doc. 1] |
| J. SUGRUE, | |
| Respondent. | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner filed the instant petition for writ of habeas corpus on February 4, 2009. (Court Doc. 1.) Petitioner pled guilty to a violation of 18 U.S.C. §§ 841(a) and 846 in the United States District Court Southern District of Illinois and was sentenced to forty-seven months imprisonment and automatically became deportable pursuant to 8 U.S.C. §§ 1227(a)(2)(A)(iii) and 1101(a)(43). (Petition, at 2, 7.) Petitioner did not appeal the judgment or sentence. (Id.) Petitioner did file a motion to vacate or set aside the judgment pursuant to 28 U.S.C. § 2255, which was denied. (Petition, at 4.)

In the instant petition, Petitioner claims that his defense counsel failed to raise the issue of deportability as a mitigating circumstance at sentencing. (Petition, at 7.)

## DISCUSSION

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); Thompson v.

1  Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997);

2  Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981).   In such cases, only the sentencing

3  court has jurisdiction.  Tripati, 843 F.2d at 1163.   A prisoner may not collaterally attack a

4  federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28

5  U.S.C. § 2241.  Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at

6  1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

7       In contrast, a federal prisoner challenging the manner, location, or conditions of that

8  sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.

9  Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998);  United States v. Tubwell, 37 F.3d 175,

10  177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United

11  States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991);  Barden v. Keohane, 921 F.2d 476, 478-79

12  (3rd Cir. 1991);  United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v.

13  United States, 610 F.2d 672, 677 (9th Cir. 1990).

14       A federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 *if*

15  he can show that the remedy available under § 2255 is "inadequate or ineffective to test the

16  validity of his detention." Hernandez v. Campbell, 204 F.3d 861, 864-5 (9th Cir.2000); United

17  States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting § 2255).  The Ninth Circuit has

18  recognized that it is a very narrow exception. Id; Ivy v. Pontesso, 328 F.3d 1057 (9th Cir. 2003)

19  (a petitioner must show actual innocence *and* that he never had the opportunity to raise it by

20  motion to demonstrate that § 2255 is inadequate or ineffective);  Moore v. Reno, 185 F.3d 1054,

21  1055 (9th Cir.1999) (per curium) (holding that the AEDPA's filing limitations on § 2255 Motions

22  does not render § 2255 inadequate or ineffective); Aronson v. May, 85 S.Ct. 3, 5 (1964) (a

23  court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Lorentsen v.

24  Hood, 223 F.3d 950, 953 (9th Cir. 2000) (same); Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a

25  petitioner's fears bias or unequal treatment do not render a § 2255 petition inadequate); Williams

26  v. Heritage, 250 F.2d 390 (9th  Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956); see,

27  United States v. Valdez-Pacheco, 237 F.3d 1077 (9th Cir. 2001) (procedural requirements of

28  § 2255 may not be circumvented by invoking the All Writs Act, 28 U.S.C. § 1651).  The burden

1  is on the petitioner to show that the remedy is inadequate or ineffective.  <u>Redfield v. United</u>
2  <u>States</u>, 315 F.2d 76, 83 (9th Cir. 1963).

3        Petitioner has failed to demonstrate that the remedy under § 2255 is inadequate or
4  ineffective, and it appears that he is attempting to utilize § 2241 as a substitute for § 2255.
5  Petitioner acknowledges that he has previously filed a § 2255 petition, which was denied on the
6  basis that he waived his right to appeal. Thus, it is clear that Petitioner is raising a challenge to
7  his sentence which must be presented to the sentencing court.  The fact that his claim has
8  previously been rejected by the sentencing court does not render such avenue inadequate or
9  ineffective.  <u>Aronson v. May</u>, 85 S.Ct. at 5.  Therefore, the instant petition for writ of habeas
10  corpus must be dismissed.

RECOMMENDATION

12       Based on the foregoing, it is HEREBY RECOMMENDED that:

13       1.     The instant petition for writ of habeas corpus be DISMISSED; and

14       2.     The Clerk of Court be directed to terminate this action in its entirety.

15       This Findings and Recommendation is submitted to the assigned United States District
16  Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of
17  the Local Rules of Practice for the United States District Court, Eastern District of California.
18  Within thirty (30) days after being served with a copy, any party may file written objections with
19  the court and serve a copy on all parties.  Such a document should be captioned "Objections to
20  Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served
21  and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the
22  objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. §
23  636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time
24  may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th
25  Cir. 1991).

26     IT IS SO ORDERED.

27     **Dated:   February 9, 2009**              **/s/ Dennis L. Beck**
                                                        UNITED STATES MAGISTRATE JUDGE